**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**WILLIAM and MAUREEN ANDRESEN,**

    **Plaintiffs,**

        **vs.**                                              Case No.: 3:08-cv-542-J-16JRK

**FLEETWOOD ENTERPRISES, INC. and
LAZY DAYS RV CENTER, INC.**

    **Defendants.**
_____/

## ORDER

Before the Court is Defendants' Motion to Dismiss (Dkt. 3) (the "Motion"). Plaintiffs filed a Response in Opposition (Dkt.7) (the "Response"). This action arises out of Plaintiffs' purchase of a 2006 Pace Arrow recreational vehicle (the "Pace Arrow") from one of the Defendants, Lazy Days RV Center. Among the issues raised in the Motion, Defendants move to dismiss, or in the alternative, transfer venue from the Jacksonville Division to the Tampa Division, both of which are within the Middle District of Florida. Defendants claim that transfer is proper based on a forum selection clause (the "Clause") contained in the Pace Arrow's purchase contract. The Clause reads, "Any and all actions of any kind brought . . . relating to this sale or product purchased must be filed exclusively in Hillsborough County, Florida. All proceedings, mediations, inspections, etc. relating to an action will be conducted exclusively in this venue." (Dkt. 3, Ex. A, ¶ 15).

Defendants claim that the Clause, which Plaintiffs expressly recognized and acknowledged by their signatures, must be enforced because it contains clear strong language that demonstrates it is mandatory. Without citation to a single case in support, Plaintiffs oppose the transfer on three grounds. First, Plaintiffs claim that the removal of this case from state court to federal court moots

most of Defendants' transfer arguments. Second, Plaintiffs argue that, to the extent they are not moot, Defendants do business statewide in Florida and thus exposed themselves to jurisdiction in the Jacksonville Division. Third, and finally, Plaintiffs claim they did not bargain for the Clause and therefore the Court should deem it unenforceable. (Dkt. 7 at p. 3).

The general rule is that a contractual forum selection clause will be enforced. See Carnival Cruise Lines , Inc. v. Shute, 499 U.S. 585 (1991). When a forum selection clause exists, the burden shifts to the party opposing the transfer to persuade the court that the "contractual forum is sufficiently inconvenient to justify retention of the dispute." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988). Under 28 U.S.C. § 1401(a), a district court has authority to transfer an action to another division or district where it might have been brought for the convenience of parties and witnesses and for the interests of justice. Thunder Marine, Inc. v. Brunswick Corp., 2006 WL 1877093, *4 (M.D. Fla. July 6, 2006). The Middle District has given effect to forum selection clauses almost identical to the Clause. Chmura v. Monaco Coach Corp., 2005 WL 1705469, *1 (M.D. Fla. July 19, 2005).

Plaintiffs arguments against transfer are unavailing. Plaintiffs have not demonstrated that transfer of this case to the Tampa Division would be sufficiently inconvenient. The arguments Plaintiffs proffered against transfer are legally incorrect or unsupported by the facts. Thus, the Court finds that transfer of this case to the Tampa Division is proper.

Accordingly, it is **ORDERED** that the Motion (Dkt. 3) is **GRANTED in PART and DENIED in PART**:

1. Defendants' request that this case be transferred to the Tampa Division is **GRANTED**;

2. All other issues raised in the Motion are **DENIED** without prejudice to Defendants to refile once transfer of this case is complete; and

    3.    The **CLERK** shall transfer this case from the Jacksonville Division to the Tampa Division of the Middle District of Florida.

**DONE and ORDERED** from Chambers in Jacksonville, Florida on this 5thday of August 2008.

Copies to: Counsel of Record

                                                 JOHN H. MOORE II
                                                 United States District Judge